**Mohamud O. MOHAMED, Petitioner,**

v.

**DISTRICT OF COLUMBIA TAXICAB COMMISSION, Respondent.**

No. 94–AA–1137.

District of Columbia Court of Appeals.

Dec. 8, 1994.

———

Reginald F. Martin, III, Washington, DC, for petitioner.

Before TERRY and FARRELL, Associate Judges, and PRYOR, Senior Judge, in chambers.

PER CURIAM:

On October 4, 1994, this court *sua sponte* directed petitioner to show cause, "within 20 days from the date of this order," why his petition for review of an agency decision "should not be dismissed for lack of jurisdiction as untimely filed." On Monday, October 31, 1994, having received no response to the show cause order, the court dismissed the petition for lack of jurisdiction as untimely filed. Later that same day, petitioner lodged a response to the show cause order with a motion for "acceptance of reply," and two days later he filed a motion for reconsideration and a motion for summary reversal of the underlying agency decision. Petitioner argues that, although our show cause order expressly gave him twenty days "from the date of [the] order" in which to file a response, we should deem implicit in every such order the supplemental time allotment of Rule 26(c) of this court's rules, namely:

> Whenever a party has the right or duty to act or proceed within a prescribed period after the service of a paper upon that party and the paper is served by mail, the party shall have five additional days within which to act.

If petitioner were to receive the benefit of the additional five days, then his response to the show cause order (filed on a Monday, *see* D.C.App. R. 26(a)) would be timely.

 We reject petitioner's argument for application of Rule 26(c). That rule provides that when a party is required to do something within a fixed period of time measured from service of a paper, an additional five days may be added when service is by mail. In the present case, by contrast, action was directed within a fixed period of time measured from the date of the show cause order, not from service of the order or any other

paper. We hold that when this court issues a show cause order directing a response within a specified number of days from the date of the order, Rule 26(c) does not serve to expand the time by five days.

This holding imposes no unfair hardship on litigants. The court does not issue show cause orders of this sort without good reason. Moreover, the practice of the Clerk, at the direction of the court, is to include enough time for response in the order to account for reasonably anticipated delays in mail delivery. Finally, Rule 26(b) permits the court, "for good cause shown, upon motion," to enlarge the time prescribed by the court's rules "or by its order for doing any act, or may permit an act to be done after the expiration of such time." This tolerance, however, will not lightly be exercised to excuse noncompliance with an order (to show cause) that itself is issued only upon significant indication that a party is in default of some obligation under a statute or rule governing the court's jurisdiction.

■ We nevertheless will grant the motion for reconsideration and the motion for late filing of the response in this case. We have observed a recent pattern of apparent—but mistaken—reliance on Rule 26(c) by parties directed to respond to such show cause orders. Until today, it was arguably possible for counsel, by recourse to Rule 26(c), to cite ambiguity in orders that on their face compute the time for response from the date of the order. While we have now eliminated any such ambiguity, we exercise our authority in this case under Rule 26(b) and grant the motion for reconsideration.

Respondent the District of Columbia Taxicab Commission shall have twenty days in which to reply to petitioner's response to the show cause order, addressing the issue of whether the petition for review was timely filed.

*So ordered.*

---

† Judge Wagner was an Associate Judge of this court at the time of argument. Her status changed to Chief Judge on June 14, 1994.